**PROTECTIVE OPTICS, INC., Plaintiff,**

v.

**PANOPTX, INC., Defendant.**

**No. C 05–02732 CRB.**

United States District Court, N.D. California.

May 18, 2007.

E. Patrick Ellisen, Esq., Greenberg Traurig, LLP, East Palo Alto, CA, for Plaintiff Protective Optics, Inc.

Kenneth Keller, Esq., Kreig Keller Sloan Reilley & Roman, LLP, San Francisco, CA, for Defendant Panoptx, Inc.

## ORDER RE: LOCAL RULE 3–8

BREYER, District Judge.

] Reliance on the opinions legal of counsel is a defense to charges of willful patent infringement. The Northern District's local patent rules, however, set forth specific steps that a defendant must take in order to avail himself of this defense. The rule states:

> Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall:
>
> (a) Produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and
>
> (b) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.
>
> A party opposing a claim of patent infringement who does not comply with the requirements of this [rule] shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the Court, which shall be entered only upon a showing of good cause.

N.D. Cal. Civ. Patent L.R. 3–8. In other words, a defendant who wishes to escape charges of willful infringement may rely on the advice of his attorney, but he must alert the other side of his intention to do so, and he must turn over (or identify in a privilege log) all documents that relate to the attorney's opinion. Failure to do so precludes use of the attorney's opinion as a defense.

There is no dispute that Panoptx, the party that presently purports to shield itself with the opinions of its attorneys, failed to comply with Local Rule 3–8. The Court issued its claim construction order on October 23, 2006. The fifty-day deadline under Local Rule 3–8 came and went, on December 12, 2006, without a peep from Panoptx. More than a month later, in an unrelated document production, Panoptx provided a copy of a letter from its former attorneys, which relates the attorneys' opinion on some of the allegations of infringement now presented in this lawsuit. Panoptx gave no indication in its production that it intended to rely on this letter, or the opinions to which it relates, as a defense. Nearly three months after that, and nearly six months after the Court's claim construction order was issued, on April 18, 2007, Panoptx indicated for the first time that it intended to rely on the advice of its attorneys to defend against the charges of wilfulness. Finally, in papers disclosed only weeks ago, Panoptx provided another, more comprehensive memo that "mirrors" the oral opinion on which it wishes to rely.

Protective Optics, the patent-holder, filed a motion to preclude Panoptx from asserting such a defense. It argues that

Panoptx forfeited its advice-of-counsel defense when it failed to comply with the fifty-day deadline under Local Rule 3–8, or for that matter, to take any action for the four months thereafter. It argues that Panoptx should be estopped from asserting its defense as a result of its non-compliance. The Court agrees.

■ The only argument that Panoptx has set forth, in defense of its defense, is that it understood Local Rule 3–8 as applying only to reliance on the *written* opinions of counsel, but not to the *oral* opinions of counsel. According to Panoptx, it believed that parties relying on what their attorneys *say*, as opposed to what they *write*, need not comply.

The Court is unimpressed. Certainly, the text of the local rule lends no support to that interpretation. It mandates disclosures by all parties that intend to rely on "*an* opinion of counsel." N.D. Cal. Civ. Patent L.R. 3–8 (emphasis). It makes no distinction between spoken or written opinions. It is true, of course, that the rule requires disclosure of the opinion itself, and that such an opinion is obviously unavailable for disclosure if it was communicated orally. But "any other documents relating to the opinion," such as the ones belatedly revealed by Panoptx, are also required to be disclosed under the rule. The fact that some types of required disclosures may exist in a certain case, while others may not, is irrelevant. The point of the rule is to require the alleged infringer to disclose all items related to "an opinion" by his attorney if he wishes to rely on it as a defense.

Moreover, the Court can discern no good reason to construe the rule as Panoptx does. Suppose, for instance, an attorney delivers an opinion in writing and then discusses the matter with his client, as most attorneys do. Under Panoptx' proposed construction, the client could then escape disclosure under Rule 3–8, citing the attorney's oral advice as the opinion on which he "relied," and any written items as "documents relating to the opinion." This is, in effect, what Panoptx proposes in this case. The Court rejects such an arbitrary and counterproductive interpretation of the rule, whose chief function is to provide notice to the patent-holder of possible defenses and to provide time to respond to them.

■ At best, Panoptx has relied on an utterly misguided interpretation of Local Rule 3–8. At worst, it has employed this utterly misguided interpretation in the service of precisely the sandbagging that the local patent rules are designed to prevent. The Court finds no cause to permit the belated introduction of Panoptx' proposed defense.

Protective Optics' motion to enforce Local Rule 3–8 is therefore GRANTED. To the extent that Panoptx has sought an "interpretation and clarification" of the rule, this order provides it. To the extent its motion seeks permission to introduce an advice-of-counsel defense, it is DENIED. The Court renders no decisions at this point about whether the oral opinion of Panoptx' former attorneys may be admissible at trial for other purposes, or whether, as the parties appear to assume in their respective motions, an oral opinion alone could even form the basis for a defense against allegations of willful infringement.

**IT IS SO ORDERED.**